## Commonwealth *v.* Silverman.

Argued April 22, 1971, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County, dated October 20, 1970, which sustained the appeal of Kenneth M. Silverman from a suspension of three months imposed by the Secretary of Revenue (now the Secretary of Transportation).

By a host of authorities, the Courts of Common Pleas, in appeals arising from the suspension of operator's licenses, are directed to hear such cases *de novo.* *See* The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §620, and Annot., 97 A.L.R. 2d 1367, 1371-1372 (1964).

The Common Pleas judge has the duty to make findings of fact both (1) where there is disputed or credible conflicting testimony, and (2) where there is undisputed testimony but extenuating facts and circumstances are submitted. *Commonwealth v. Emerick,* 373

Pa. 388, 96 A. 2d 370 (1953); *Commonwealth v. Strobel*, 375 Pa. 292, 100 A. 2d 43 (1953), same case, 378 Pa. 84, 105 A. 2d 152 (1954).

In the instant case the Judge failed to make specific findings of fact, nor did he specifically state conclusions of law. How, then, is this Court to fulfill its' duty "to determine whether the *findings* of the court below are supported by competent evidence and to correct any erroneous *conclusions of law*"? *See Commonwealth v. James F. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971), and cases cited therein. We are particularly interested in receiving specific findings of the facts surrounding appellee's request for a continuance, if any, and why it was not granted.

Therefore, in keeping with this opinion, we issue the following

## ORDER

AND NOW, June 29, 1971, the record in this case is remanded to the Court of Common Pleas of Allegheny County for appropriate findings of fact and conclusions of law and for the entry of an order, based thereon, which sustains or reverses the action of the Secretary of Revenue (now the Secretary of Transportation).