Commonwealth *v.* Toole.

Argued April 6, 1973, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellant.

*Charles N. Caputo*, for appellee.

OPINION BY JUDGE BLATT, May 2, 1973:

On April 22, 1970, at approximately 2:00 a.m., Barbara B. Toole (Toole) was apprehended for speeding at the rate of 78 miles per hour in a 50 mile per hour

204

zone. An information was filed alleging that Toole had violated Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §1002(b)(8), and she thereafter paid a fine and costs of $15.00. A hearing was subsequently conducted by the Department of Transportation, and, pursuant to Section 618(b)(2) of The Vehicle Code, 75 P.S. §618(b)(2), Toole's license was suspended for a period of three months.

Toole appealed the suspension of her license to the Court of Common Pleas of Allegheny County, and that court decided to hear the case de novo, as it was, of course, required to do. *Commonwealth v. Fisher*, 6 Pa. Commonwealth Ct. 159, 293 A. 2d 644 (1972); *Commonwealth v. Silverman*, 2 Pa. Commonwealth Ct. 538, 279 A. 2d 83 (1971). It sustained Toole's appeal and restored her operating privileges because she "was confronted with an emergency situation which placed her under considerable strain." We must affirm.

Our scope of review in this situation, of course, is limited. "In appeals of this nature our duty is to examine the testimony to determine whether the findings of the court below·are supported by competent evidence and to correct any erroneous conclusions of law, and the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion." *Commonwealth v. Stamoolis*, 6 Pa. Commonwealth Ct. 617, 621, 297 A. 2d 532, 534 (1972); *Yockers v. Department of Transportation*, 4 Pa. Commonwealth Ct. 95, 99-100, 285 A. 2d 893, 896 (1972); *Commonwealth v. Pison*, 2 Pa. Commonwealth Ct. 522, 524, 279 A. 2d 84 (1971). "It is the lower court's duty to decide on the credibility of witnesses. . . ." *Commonwealth v. Jenks*, 6 Pa. Commonwealth Ct. 546, 551, 296 A. 2d 526, 529 (1972).

Our examination of the record shows that Toole was employed as communications supervisor at the West Penn Hospital in the City of Pittsburgh. In the

early morning hours of April 22, 1970, she was notified that the hospital had received a bomb threat, and she testified that she hurried to the hospital immediately because the night operator was "frantic" and also because it was urgent she be there for "there is certain things the switchboard must do, emergency measures that the switchboard operators have to do when something like this happens." It was her contention that she was speeding so as to reach the hospital as quickly as possible and assist in the emergency. While there was testimony that she did not explain the emergency to the arresting officer, this was, perhaps, because she feared further delay. At any rate, the testimony clearly supports her statement that there was, in fact, an emergency situation.

In a case such as this, where testimony is taken de novo by a hearing judge and extenuating facts and circumstances such as an emergency are adequately supported by the testimony, our Supreme Court has held that the exercise of the hearing judge's discretion will not be disturbed. *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370 (1953). *See Hergert Appeal*, 384 Pa. 544, 120 A. 2d 888 (1956).

Here the lower court found that the emergency arising from the bomb threat and Toole's belief that her presence was immediately necessary at the hospital constituted such mitigating circumstances as to justify reversing the suspension of Toole's license. There is certainly competent evidence in the record to support this decision, and we can find no basis, therefore, for questioning the lower court's discretion on this issue.

The order of the court below is affirmed.