Geraldine S. Sickman, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs October 6, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*D. Keith Melenyzer,* for appellant.

*Glenn R. Davis,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, December 19, 1983:

Geraldine S. Sickman (Appellant) appeals from an order of the Court of Common Pleas of Washington County which dismissed Appellant's appeal from a one year suspension of her driver's license by the Department of Transportation's Bureau of Traffic Safety (Bureau) under Section 1547(b) of the Vehicle Code (Code)[1] for Appellant's failure to submit to a breathalyzer test. We reverse.

This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of the court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982); *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

To sustain a license suspension under Section 1547 (b) of the Code, the Commonwealth must establish that the driver involved: 1) was arrested for driving while under the influence of alcohol, 2) was requested to submit to a breathalyzer test, 3) refused to submit to such a test and 4) was specifically warned that a refusal would result in the revocation of his driver's license. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982), *Waigand.*

---

[1] 75 Pa. C. S. §1547(b).

The evidence before the court of common pleas in this case established that Appellant was arrested for driving while under the influence of alcohol and was taken to the police station, where she was requested to submit to a procedure which consisted of: 1) answering a questionnaire, 2) completing a performance test and 3) completing a breathalyzer test. Appellant initially agreed to this procedure but changed her mind during the questionnaire portion and refused to continue further with any part of the procedure, including that part involving the breathalyzer test. Appellant was informed that the failure to complete the entire procedure would result in her license suspension.

Section 1547 of the Code requires only that a driver submit to a chemical test of his breath, blood, or urine. There is no additional requirement that the driver complete a questionnaire or a performance test, and the refusal to do so will not support a suspension under Section 1547(b) of the Code. We are guided by this Court's decision in *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), in which we held that a driver's refusal to sign a waiver of liability as a condition of submitting to a blood test was not a refusal under Section 1547(b) of the Code.

Similarly, in this case we conclude that the refusal to submit to a procedure which contains requirements in addition to that of the actual breathalyzer test is not a refusal to take such a test for purposes of this section.

The Bureau attempts to distinguish the *Maffei* decision by noting that, in addition to refusing to submit to the unrequired portions of the procedure, the Appellant in the present case also specifically refused to take the breathalyzer test. Appellant's refusal to take the breathalyzer test was made after being informed by police that this test was only one portion of the re-

quired procedure, and that the refusal to submit to any portion would result in the suspension of her license. At no time did the police correctly inform Appellant that submitting to the breathalyzer test alone would be sufficient under the Code to avoid the penalty of license suspension.[2] Therefore, this refusal cannot support a suspension under Section 1547(b).

For these reasons, we conclude that the court of common pleas committed an error of law in dismissing Appellant's appeal, and accordingly, reverse.

### ORDER

Now, December 19, 1983, the Order of the Court of Common Pleas of Washington County in the above referenced matter, dated April 16, 1982, is hereby reversed.

---

[2] The testimony of the police indicates that they often used the term "breathalyzer test" to refer to the entire procedure, which included the questionnaire and performance test, as well as the actual breathalyzer test. In light of this apparent misuse of terms by the police, their later testimony that Appellant specifically refused to take "the breathalyzer test" is of doubtful significance.

The police are required to inform the driver that the driver's "operating privilege will be suspended upon refusing to submit to *chemical* testing." Section 1547(b)(2) of the Code, 75 Pa. C. S. §1547(b)(2) (emphasis added).