## Commonwealth v. Brown

*Walter Cameron,* for the Commonwealth.
*Patrick C. McDaniel,* for defendant.

CICCHETTI, *P.J.,* October 17, 1985—This matter is before the court in the nature of an appeal from a suspension of operator's privileges for a period of one year pursuant to §1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b). The question presented by this appeal is whether a defendant's refusal to sign a written consent form authorizing performance of a breathalyzer test is tantamount to a refusal

to submit to chemical testing as contemplated by §1547(b). For the reasons set forth herein, we hold that it is not, and accordingly reverse appellant's suspension.

The facts as developed at trial before this court on June 28, 1985, reveal that 'defendant was apprehended by Whitehall Borough Police Officer Bruce Michael Marchetti on February 25, 1985, at approximately 11:30 p.m. while traveling south on Pennsylvania Route 51 at a rate of 55 m.p.h. in a 40 m.p.h. zone. At that time, defendant was arrested on a charge of Driving Under the Influence as defined by 75 Pa.C.S. §3731 and transported to police headquarters where defendant, some 20 minutes later refused to sign a written recitation of his Miranda warnings as well as the form which is the subject of the instant discussion. Defendant refused to do so even after Officer Marchetti informed him that his failure to do so would be regarded as a refusal to submit to the test itself. Throughout, defendant expressed his desire to take the test, but refused to sign the form. Some 10 minutes after his initial refusal to sign the form, during which time defendant attempted to secure transportation home from police headquarters, defendant again requested that the test be performed, but was then informed by Officer Marchetti that his "refusal" was considered final.

Initially, we note that the "refusal" to submit to a breathalyzer test under §1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b), is defined as anything *"substantially* short of an unqualified, unequivocal assent" to an officer's request to the arrested motorist, and not, as contended by the Commonwealth in the instant case, anything short of such assent. Commonwealth, Department of Transportation v. Tillitt, 49 Pa.Commw. 343, 346, 411 A.2d 276, 277

(1980). (Emphasis in original.) The purpose of §1547 is "to facilitate the acquisition of chemical analyses and to permit their utilization in legal proceedings." Commonwealth v. Tylwalk, 258 Pa.Super. 506, 511, 393 A.2d 473, 475 (1978). It is not designed as penal in nature, but is rather intended as a means to "ferret out" drunken drivers and to deny them use of the road. Wisniewski v. Commonwealth, 73 Pa.Commw. 318, 457 A.2d 1334 (1983). Under the circumstances of the instant case, we cannot find defendant's refusal to sign the breathalyzer form to be so substantially short of assent to the test as to justify suspension. Rather, defendant's "refusal" extended only to procedural formalities employed by the police; defendant in substance agreed to the test. Its purpose, as outlined above, would therefore have been well-served by complying with defendant's request that the test be administered. Such compliance would then have established with much greater certainty whether, in fact, defendant was under the influence.

Moreover, the testimony revealed that Officer Marchetti made signing the breathalyzer form a prerequisite to taking the test itself. "The refusal to submit to a procedure which contains requirements in addition to that of the actual breathalyzer test is not a refusal to take such a test for purposes of [§1547]." Sickman v. Commonwealth, 79 Pa. Commw. 173, 468 A.2d 909 (1983). Section 1547 requires only that a driver submit to a chemical test of his breath, blood, or urine. Id. Like the court in Sickman, we view as significant the fact that the police herein at no time correctly informed the defendant that submitting to the breathalyzer test alone would be sufficient under the code to avoid the penalty of license suspension. Id. at 175, 468 A.2d 910.