## Commonwealth v. Karstetter

*Thomas J. Hines,* for the Commonwealth.
*Lee Ruslander,* for defendant.

WOOD, *J.,* February 4, 1986—Defendant has appealed the action of the Department of Transportation suspending his driving privileges for one year as the result of his refusal to submit to a chemical blood test in violation of 75 Pa.C.S. §1547.

At approximately 2:25 a.m. on the morning of August 11, 1985, Officer Thomas Armstrong of the Easttown Township Police Department arrested defendant for driving under the influence of alcohol. Officer Armstrong told defendant that he wanted a blood sample and that, if he refused, his operating privileges would be suspended for a year. Defendant agreed to submit to the test and he signed a Pennsylvania implied-consent law form indicating his understanding of the situation. He was then transported to Paoli Memorial Hospital.

After his arrival at the hospital, the hospital gave him its own consent form for his signature. That form reads as follows:

"I, _____ , consent to the withdrawal of blood and/or collection of urine sample for the purpose of determining the presence of alcohol and/or controlled substance(s) in my system, to be administered by persons authorized to do so by Paoli Memorial Hospital. The nature of the test(s) and possible risks associated with the test(s) have been explained to me."

Thereupon, defendant stated that he wanted the risks referred to on the form explained to him. After the lab technician informed him of some of the risks involved he refused to sign the form and the hospital in turn refused to administer the blood test. Officer Armstrong then asked if he was going to submit to the test and defendant said that he would not.

75 Pa.C.S. §1547 provides in pertinent part:

"(a) General rule — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or

the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both;

. . .

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing."

Defendant's only challenge is that he did not refuse to submit to the blood test but merely refused to sign the hospital's consent form. He maintains that the reason the test was not taken was that the hospital refused to administer the test.

It is clear that a refusal to submit to a procedure which contains requirements in addition to that of the actual blood test is not a refusal to take such a test for purposes of the statute. Sickman v. Commonwealth, 79 Pa. Commw. 173, 468 A.2d 909 (1983). Specifically, in Maffei v. Department of Transportation, 53 Pa. Commw. 182, 416 A.2d 1167 (1980), the court held that a driver's refusal to sign a waiver of liability as a condition of submitting to a blood test did not constitute a refusal under the statute.

Here, however, defendant was not asked to do anything more than sign a consent to take the test. He was not required to sign a release of liability or to perform any other test. We therefore find both Sickman and Maffei to be inapplicable. Moreover, to accept defendant's position would virtually do away with the taking of blood tests to determine blood-alcohol content in this Commonwealth. Since anything substantially less than an unqualified, unequivocal assent to take the test constitutes a refusal, Department of Transportation v. Wroblewski, 65 Pa. Commw. 333, 442 A.2d 407 (1982), we must find that defendant refused to submit to a blood test and affirm his license suspension.

Accordingly, we enter the following

### ORDER

And now, this February 4, 1986, after hearing, defendant's appeal is denied and his license suspension is affirmed.

By stipulation of counsel, the effective date of the suspension shall be postponed until May 30, 1986.