514 A.2d 1008

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Terrence P. O'Neill, Appellee.

Submitted on briefs December 9, 1985, to Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Kevin H. Wright, LaBrum and Doak,* for appellee.

OPINION BY JUDGE BLATT, September 11, 1986:

The Commonwealth of Pennsylvania, Department of Transportation (Department), appeals the order of the Court of Common Pleas of Philadelphia County (trial court) which sustained Terrence P. O'Neill's appeal from a six-month suspension of his operator's license.

After being involved in a traffic accident, O'Neill was requested to take a breathalyzer test by the investigating police officer and he refused. The Department, therefore, suspended his license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). Upon O'Neill's appeal, the trial court conducted *de novo* hearings and, in overturning the suspension, held that, inasmuch as the officer did not conduct field sobriety tests, "there was no reasonable cause for the arrest."

The Department contends that the trial court erred[1] in concluding that the Commonwealth had not met its burden of proving that the arresting officer had reasonable grounds[2] to request a breathalyzer test. We agree.

---

[1] Our review of a trial court order reversing a driver's license suspension for the failure to submit to a breathalyzer test is limited to determining whether or not that court's findings are supported by competent evidence and whether or not it committed an error of law or manifestly abused its discretion. *Department of Transportation v. Krishak,* 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985).

[2] Although the trial court misstated the pertinent issue as being whether or not the officer had "reasonable cause for the arrest," we will review this matter under the correct standard, *i.e.,* whether or not the officer had reasonable grounds to believe that O'Neill had been driving under the influence. *Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

As noted in the trial court's opinion, the officer testified that, when he arrived at the scene of the accident, O'Neill had a strong odor of alcohol on his breath. The officer further testified that O'Neill said that he was coming from a party at the time of the accident. Finally, the officer stated that he conducted "walking and balancing" field sobriety tests. O'Neill's testimony contradicted that of the officer only with regard to the field sobriety tests. He admitted the fact of the accident and did not challenge the officer's statement as to the odor of alcohol on his breath or as to his attendance at a party prior to the accident. The trial court resolved the evidentiary conflict as to field sobriety tests in O'Neill's favor and concluded that the omission of these tests was fatal to the Department's case.

The standard for determining whether or not an arresting officer had the requisite reasonable grounds to request a breathalyzer has been summarized in *Dreisbach* as follows:

> [w]hether evidence is sufficient to constitute 'reasonable grounds' can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry in this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

26 Pa. Commonwealth Ct. at 204-05, 363 A.2d at 872 (footnotes omitted). Neither the trial court nor O'Neill's brief on appeal cite any authority to require field sobriety tests in order for a police officer to form the necessary "reasonable belief."[3] Moreover, our reading of the provisions of Section 1547(b) gives no indication that the legislature ever intended such a requirement.[4] We believe, therefore, that the trial court erred in premising its rescission of the suspension on its finding that the officer failed to conduct field sobriety tests.

While the trial court's opinion focused on the field sobriety tests, that court, nonetheless, inferentially accepted the officer's unrebutted testimony concerning the odor of alcohol on O'Neill's breath, as well as O'Neill's involvement in the accident, as factual in concluding that these circumstances were insufficient, as a matter of law, to support a reasonable belief of driving under the influence. Under *Dreisbach,* however, we believe that such facts would allow a reasonable person in the position of the police officer to reach such a conclusion.

Accordingly, we will reverse the order of the trial court and will reinstate the suspension.

---

[3] The Department's brief cites *Doyle v. Commonwealth* (No. 806 C.D. 1984, filed November 10, 1983), an unreported opinion of this Court. We note, for the benefit of counsel for the Department, that Section 414 of our Internal Operating Procedures, 210 Pa. Code §67.55, which admittedly was adopted subsequent to the filing of the Department's brief, prohibits citation to such opinions and such cases should not be cited in the future.

[4] In *Sickman v. Commonwealth,* 79 Pa. Commonwealth Ct. 173, 468 A.2d 909 (1983), we held that Section 1547 of the Vehicle Code requires *only* that a driver submit to a chemical test of breath, blood, or urine and that there is no additional requirement that a driver complete a questionnaire or a performance test.

452

ORDER

AND NOW, this 11th day of September, 1986, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the suspension of Terrence P. O'Neill's motor vehicle operating privileges is reinstated.

Judge COLINS dissents.