518 A.2d 8

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Carl J. Johnson, Appellee.

Submitted on briefs September 29, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, November 24, 1986:

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals the order of the Court of Common Pleas of Cambria County (trial court), which sustained Carl J. Johnson's appeal from a twelve-month suspension of his driver's license for refusing to submit to a breathalyzer test. Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

After a *de novo* hearing, the trial court reversed the suspension and reinstated Johnson's license, holding that "[n]o formal arrest was ever made nor probable cause for arrest was (sic) established in the instant case. At Magistrate's hearing immediately following incident, charge of driving while intoxicated was dismissed. Defendant's unsteady gait was explainable in that defendant has lost his leg and has an artificial one."

DOT contends that the trial court erred[1] in applying the "probable cause for arrest" standard. We agree.

---

[1] Our review of a trial court order reversing a driver's license suspension for the failure to submit to a breathalyzer test is limited to determining whether or not that court's findings are supported by competent evidence and whether or not it committed an error of law or manifestly abused its discretion. *Department of Transportation v. Krishak*, 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985).

Recently, we noted that the probable cause standard is inappropriate in driver license suspension cases. *Department of Transportation v. O'Neill*, 100 Pa. Commonwealth Ct. 448, 514 A.2d 1008 (1986). The appropriate inquiry is whether or not the police officer had reasonable grounds to believe that the individual had been driving under the influence. *Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

Testifying before the trial court, Johnson admitted to having consumed two glasses of beer shortly before being involved in a slight collision with another vehicle and he also admitted that the investigating police officer, Sergeant Dell, requested him to "walk on that line" as a field sobriety test because the officer suspected that Johnson had been drinking. He also testified that after he informed Sergeant Dell of his artificial leg, he was not required to perform the field test.

Johnson's admissions clearly corroborate Sergeant Dell's testimony. The Sergeant stated that when he arrived at the accident scene, Johnson was outside of his vehicle. He testified that he detected a strong odor of alcohol on Johnson's breath, that Johnson's eyes were glassy and that Johnson was swaying. Sergeant Dell also stated that when he asked Johnson who had been driving his car, Johnson admitted that it was he.

*Dreisbach* summarizes the reasonable grounds test as follows:

> [w]hether evidence is sufficient to constitute 'reasonable grounds' can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a per-

son to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry in this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

26 Pa. Commonwealth Ct. at 204-05, 363 A.2d at 872 (footnotes omitted). Clearly, the *Dreisbach* test has been satisfied here.

Next, DOT contends that the trial court erred in holding that Johnson had not been arrested within the meaning of Section 1547. Again, we agree.

It is only necessary that the driver be under the custody and control of the person effecting the arrest. *Gresh v. Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). Johnson's own testimony was to the effect that Sergeant Dell instructed him to get into the police car to be taken to a police station where a breathalyzer test would be administered. When Johnson complied with these instructions, the custody and control requirement was satisfied. We conclude, therefore, that Johnson was placed under arrest within the intent of Section 1547.

Finally, DOT alleges error because of the trial court's reliance on the dismissal of the underlying criminal charge. We must agree. "The law is clear that, regardless of the disposition of the criminal charges, the refusal to take the breath test is a separate consideration, the suspension for which is an independent civil proceeding." *Wisniewski v. Commonwealth,* 73 Pa. Commonwealth Ct. 318, 322, 457 A.2d 1334, 1337 (1983) (footnote omitted).

Accordingly, for the reasons stated, we will reverse the order of the trial court and will reinstate[2] the suspension as imposed by DOT.

ORDER

AND NOW, this 24th day of November, 1986, the order of the Court of Common Pleas of Cambria County, in the above-captioned matter, is reversed and the suspension of Carl J. Johnson's driver's license, as imposed by the Department of Transportation, is reinstated.

---

[2] Johnson's testimony before the trial court supplies the remaining elements of the Section 1547(b) test, *i.e.*, he admitted that he had refused to take the breathalyzer and that he was informed that he would lose his license if he refused, although he asserted that Sergeant Dell was not the one who so advised him.