540 A.2d 340

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Patrick Cavanaugh, Appellee.

398

Submitted on briefs January 6, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, *Morey Myers*, General Counsel, for appellant.

*J. Kerrington Lewis*, with him, *P. Andrew Diamond*, *Lewis and Stockey*, for appellee.

MEMORANDUM OPINION BY JUDGE MCGINLEY, April 15, 1988:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals the order of the Court of Common Pleas of Allegheny County (trial court) which sustained the appeal of Patrick E. Cavanaugh from a one-year suspension of his operator's license pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b) for refusal to submit to a breathalyzer test.

Cavanaugh's suspension arose from activities which occurred on January 13, 1985. Officer Edward Wisniowski, a police officer employed by the City of Pittsburgh, testified that he observed Cavanaugh's vehicle back into the front of another vehicle while attempting to park. The officer approached Cavanaugh's vehicle and asked Cavanaugh to produce his identifications. The officer observed that Cavanaugh was swaying as he stepped out of the vehicle, that he was belligerent and that he smelled of alcohol. The officer also testified that there was an open can of beer on the front seat which still had a few drops in it. The officer testified that he arrested Cavanaugh for operating a motor vehicle while under the influence of alcohol. Cavanaugh was taken into custody, placed in a police wagon and taken to the City of Pittsburgh Public Safety Building where he initially agreed to submit to a breathalyzer test. The officer also testified that Cavanaugh then objected to the test and became uncooperative. Subsequently a notation of willful refusal to submit to the test was recorded. DOT suspended Cavanaugh's operating privilege for one year pursuant to Section 1547.

Cavanaugh appealed the suspension to the Court of Common Pleas of Allegheny County. The trial court sustained the appeal finding that DOT did not fulfill the conditions of Section 1547(b)(1). It found DOT failed to prove that the officer had reasonable grounds to believe

Appellee was driving while intoxicated and failed to prove Appellee was arrested.

On appeal DOT argues that competent evidence was presented to prove that the officer had reasonable grounds to believe that Cavanaugh was operating a vehicle while intoxicated and that Cavanaugh was arrested.[1]

To sustain a license suspension under Section 1547 (b), the Commonwealth bears the burden of proving that the driver (1) was placed under arrest for driving while under the influence of alcohol, and that the arresting officer had reasonable grounds to believe that the operator was driving while under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so; and (4) was warned by the officer that the department would suspend his driving privilege if he refused to take the test. *Department of Transportation, Bureau of Traffic Safety v. Sinwell*, 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). The trial court found that Cavanaugh's "alleged belligerence" plus a slight odor of alcohol and the presence of an open can of beer in or about the automobile did not constitute "reasonable grounds." We disagree.

This Court has noted that the test for reasonable grounds is not very demanding.[2] In *Commonwealth of*

_____

[1] Our scope of review of a Common Pleas Court decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

[2] The test for reasonable grounds to believe a person is driving while intoxicated was stated in *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976), where this Court stated:

Whether evidence is sufficient to constitute 'reasonable grounds' can only be decided on a case-by-case basis. The

*Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. O'Neill,* 100 Pa. Commonwealth Ct. 448, 514 A.2d 1008 (1986), this Court held that under the *Dreisbach* test, the odor of alcohol and involvement in an auto accident, were sufficient as a matter of law, to support a reasonable belief of driving under the influence. An odor of alcohol plus the presence of an open can of beer in or about the automobile constituted reasonable grounds for the officers to conclude that Cavanaugh was driving under the influence.

The trial court also found that Appellee was never arrested. There is no competent evidence to support this finding. There is conflicting testimony as to whether or not the officer had formally declared Cavanaugh under arrest. However, the testimony is undisputed that the officer placed Cavanaugh in the police wagon and transported him to the Public Safety Building. All that is necessary to determine whether or not a driver has been placed under arrest for purposes of Section 1547(b)(1)' is that the driver be under the custody and control of the person effecting the arrest. *Phillips v. Commonwealth of Pennsylvania,* 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984). We must conclude as a matter of law that Cavanaugh was arrested.

---

test, however, is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer *obviously need not be correct in his belief that the motorist had been driving while intoxicated.* We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle under the influence of intoxicating liquor.

*Dreisbach* at 204-205, 363 A.2d at 872 (footnotes omitted).

We conclude that the arresting officer had reasonable grounds to believe that Cavanaugh was driving under the influence of alcohol, and that Cavanaugh was indeed placed under arrest. However, for DOT to suspend a motorist's license under Section 1547(b), three more elements must be proven: that the officer requested the motorist to submit to a breathalyzer test; that the motorist refused to do so; that the officer warned the motorist that DOT would suspend his driving privileges if he refused to take the test. The trial court has made no findings as to whether or not DOT has proven these three elements. In this regard the record indicates the trial court received conflicting testimony.[3] Without further findings by the trial court resolving these credibility and evidentiary issues this court cannot complete its review.[4] We remand for further findings consistent with this opinion.

_____

[3] Officer Scholze testified that Cavanaugh was asked to submit to the test (N.T., 1/7/86, p. 16a); Cavanaugh's testimony of the events that occurred does not include Cavanaugh being asked to submit to the test (N.T., 1/7/86, pp. 20a-24a). Officer Scholze testified that he warned Cavanaugh of the consequences of refusal (N.T., 1/7/86, p. 19a); Cavanaugh testified that Officer Scholze never told Cavanaugh that if he did not cooperate he would lose his license (N.T., 1/7/86, p. 23a); Officers Wisniowski and Scholze testified that Cavanaugh refused to submit to the breathalyzer (N.T., 1/7/86, pp. 13a-14a, and N.T., 1/7/86, pp. 19a-20a); Cavanaugh testified he never stated that he refused to take the test and that he did not in fact refuse (N.T., 1/7/86, p. 23a).

[4] It is the function of the lower court to decide on the credibility of the witnesses and reconcile conflicts in the evidence. *Spirer v. Commonwealth of Pennsylvania*, 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980). In *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Silverman*, 2 Pa. Commonwealth Ct. 538, 279 A.2d 83 (1971), a license suspension case was remanded for the entry of specific findings of fact and/or conclusions of law. This court stated that without specific findings of fact and conclusions of law it could not fulfill its duty on

ORDER

Now, this 15th day of April 1988, the Order of the Court of Common Pleas of Allegheny County, dated January 8, 1986, at No. S.A. 344 of 1985 is reversed and jurisdiction is relinquished. The record in this case is hereby remanded for further proceedings consistent with the above opinion.

review to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law.