William A. DiPAOLO, III

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 13, 1997.

Decided Aug. 27, 1997.

William A. Kuhar, Jr., Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellant.

G. Robert Cooper, Oakmont, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of Common Pleas of Allegheny County, which sustained William A. DiPaolo, III's (Licensee) appeal of a one year suspension of his driver's license imposed under Section 1547 of the Vehicle Code (Code).[1]

On June 4, 1996, Officer Anthony DeMarco of the Wilkins Township Police Department observed Licensee driving his vehicle out of a tavern parking lot. Licensee drove down Route 22, locally known as the William Penn Highway, toward the intersection of that Route and Kingston Drive. When Licensee reached the intersection, instead of using a designated left turning lane to turn onto Kingston Drive, Licensee made a U-turn in an entrance to a department store and then entered the crossroad. Officer DeMarco became suspicious and began to follow Licensee. He followed Licensee into a housing development, where Officer DeMarco observed Licensee turn into a cul-de-sac road. Officer DeMarco then stopped Licensee's vehicle. At no time prior to the traffic stop did Officer DeMarco observe Licensee weaving in and out of traffic, speeding, or moving in an erratic manner.

Officer Demarco approached Licensee's vehicle and detected an odor of alcohol on Licensee's person. He had Licensee perform field sobriety tests including the one-leg stand balancing test, the straight walk, the walk and turn, and the finger-to-nose test. Thereafter, Officer DeMarco placed Licensee under arrest for driving under the influence of alcohol and Licensee was transported to the Wilkins Township police station. Officer DeMarco read Licensee chemical testing warnings and asked Licensee to submit to a blood test. Licensee, however, refused to submit to the test. Thereafter, DOT notified Licensee that his driver's license would be suspended for one year, as a result of his refusal of chemical testing.

Licensee appealed DOT's suspension to the common pleas court, which conducted a hearing on September 12, 1996. At the hearing, Officer Demarco testified, *inter alia,* to the events surrounding the field sobriety test. Officer DeMarco testified that Licensee was swaying while performing the walk-

---

1. Section 1547 of the Code, 75 Pa.C.S. § 1547, commonly known as the Implied Consent Law, provides that:

   [a]ny person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the

   purpose of determining the alcoholic content of blood or the presence of a controlled substance....

   That section further provides that the police have a duty to inform a motorist that his or her operating privilege will be suspended upon refusal to submit to chemical testing; the suspension for refusal is for a period of 12 months.

ing tests and that he failed the finger-to-nose test; however, on cross-examination, Officer DeMarco conceded that he testified at the criminal preliminary hearing that Licensee was able to walk a straight line without falling off the line and that Licensee completed the one-leg test by holding each leg up for a count of ten. Also, after being asked about his prior testimony concerning Licensee's performance of the finger-to-nose test, the officer testified that he did not remember where Licensee's finger touched.

The common pleas court found as fact that Licensee satisfactorily completed the field sobriety tests. The court held that, in light of Licensee's performance of the tests, Officer DeMarco did not have reasonable grounds to arrest Licensee. The common pleas court sustained Licensee's appeal, and this appeal followed.

On appeal, DOT contends that (1) the legality of Licensee's arrest is irrelevant to its authority to suspend Licensee's driving privileges under Section 1547 of the Code, and (2) Officer Demarco had reasonable grounds to believe that Licensee had been operating his motor vehicle while under the influence of alcohol.

■ To sustain a license suspension under Section 1547 of the Vehicle Code, it is DOT's burden to establish the following: (1) the motorist was arrested for drunken driving by a police officer who had reasonable grounds to believe that the motorist was operating, or actually controlling or operating the movement of a motor vehicle, while under the influence of alcohol or a controlled substance;

(2) the motorist was asked to submit to a chemical test; (3) he or she refused to do so; and (4) the motorist was warned that refusing the test would result in a license suspension.[2] *Vinansky v. Commonwealth Department of Transportation*, 665 A.2d 860 (Pa. Cmwlth.1995).

■ DOT is correct that the validity of a motorist's criminal arrest for driving under the influence of alcohol does not affect DOT's authority to suspend a driver's license for refusal to submit to chemical testing. *Department of Transportation v. Wysocki*, 517 Pa. 175, 535 A.2d 77 (1987). However, while the common pleas court stated in its opinion that "grounds for [Licensee's] arrest did not exist," its decision was not premised on the conclusion that Licensee's arrest was invalid or illegal. The notes of testimony indicate that the court understood that, to uphold the suspension, Officer DeMarco only needed reasonable grounds to believe that Licensee was driving under the influence of alcohol, and that the court sustained Licensee's appeal because it concluded that the officer did not have such reasonable grounds.[3] Nevertheless, even if the common pleas court had erroneously based its holding on a conclusion that Licensee's arrest was illegal, we believe that the record shows that Officer DeMarco did not have reasonable grounds to believe that Licensee was operating his vehicle under the influence of alcohol.

■ The test to determine whether a police officer has reasonable grounds to conclude that a motorist operated a vehicle un-

**2.** We note that, in *Department of Transportation, Bureau of Driver Licensing v. Boucher*, 547 Pa. 440, 691 A.2d 450 (1997), the Supreme Court, when deciding the issue of whether the licensee made a knowing and conscious refusal of chemical testing, made the following statement:

> Accordingly, Boucher [licensee] failed to meet his burden of proving that he had refused to submit to testing.... *Id.*, 691 A.2d at 454. (Emphasis added.)

It is axiomatic that **DOT**, and not the licensee, has the burden of proving that the licensee refused to consent to chemical testing. However, while *Boucher* appears to reverse that burden, we believe that the Supreme Court did not intend to alter the parties respective burdens in this type of case, but merely inadvertently misstated which party had the burden of proof.

**3.** The court indicated that it understood the applicable law in the following comment from the bench:

> All the cases I hear says that the police officers need **reasonable grounds** to believe that the motorist was driving under the influence of alcohol. (Emphasis added.)

(Notes of Testimony (N.T.) at 19; Reproduced Record (R.R.) at 24.) Furthermore, Licensee's counsel, during the summation at the hearing, placed her argument squarely within the context of whether Officer DeMarco had reasonable grounds to believe that Licensee was driving under the influence of alcohol; the court stated that it agreed with counsel's argument. (N.T at 58–60; R.R. 63a–65a.)

der the influence is not very demanding. *Department of Transportation, Bureau of Driver Licensing v. Johnson,* 102 Pa. Cmwlth. 302, 518 A.2d 8 (1986). In *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa.Cmwlth. 201, 363 A.2d 870 (1976), we set forth the reasonable grounds test:

> [F]or 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

*Id.,* 363 A.2d at 872 (footnotes omitted). It is not necessary for a motorist to fail a field sobriety test in order for a police officer to have reasonable grounds. *McDonald v. Department of Transportation, Bureau of Driver Licensing,* 130 Pa.Cmwlth. 276, 567 A.2d 1127 (1989). Furthermore, questions of credibility and the resolution of conflicts in the evidence presented are determined by the trial court, and if there is competent evidence in the record to support those findings, we may not disturb the fact finder's decision. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994); *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984).

In the present case, there is no evidence in the record that Licensee was driving erratically, that he was in an accident, that alcoholic beverages were present in his vehicle, that his eyes were glassy or bloodshot, that his speech was slurred, that he was confused, that he was unable to stand, that he had a staggering gait, or that he was unresponsive or semi-conscious. Officer DeMarco's conclusion that Licensee was driving his vehicle under the influence of alcohol was based solely on two factors: (1) an odor of alcohol

about Licensee's person; and (2) Licensee's performance on the field sobriety tests.

The common pleas court, however, found that Licensee had successfully completed the sobriety tests. Upon being confronted with his testimony at the preliminary hearing, Office DeMarco testified as follows:

Q. Now, [Licensee] was able to take all the steps heel to toe [during the walking tests]; is that correct?

A. Yes ma'am he was. He was unsure.

Q. But he did not step off the line at any point; is that correct?

A. That's not correct....

The Court: are your saying that he stepped off the line or he didn't?

A. He stepped off the line, Your Honor....

Q. I am going to ask you to again to read from the transcript of the preliminary hearing ... I asked you the following question:

He didn't fall off the line at any point?

And your answer to me at that point was?

A. No.

Q.... [Licensee] was able to hold his right leg up and left leg up for a count of ten without putting his foot down; is that correct?

A. After a couple of tries, then.

....

Q. Officer you testified previously that he had never put his foot down. He was able to hold both his right leg and left leg up for a count of ten?

A. Yes, ma'am. He was able to do that, but unsure of himself.

Q. On the finger to nose test ... was he able to do that? You testified that [Licensee] with one hand touched the bottom of his nose or his upper lip, is that correct?

A. I don't know. I don't remember that. I said he missed.

Q. Okay. But you don't remember where he touched?

A. No, ma'am.

(N.T. at 23–26; R.R. at 28a–31a.) Based on the above evidence, the common pleas court resolved the conflicting statements in Officer

DeMarco's testimony, and determined that Licensee satisfactorily completed the field sobriety tests. *Ingram.* Therefore, we conclude that the common pleas court's finding that Licensee successfully performed the field sobriety tests is supported by competent evidence.

Since Licensee's performance of the field sobriety tests did not indicate that he was intoxicated, the only evidence supporting Office DeMarco's conclusion that Licensee was driving while under the influence of alcohol was the odor of alcohol coming from Licensee. Officer DeMarco could reasonably infer from the odor of alcohol about Licensee that he had consumed an alcoholic beverage. But, considering that the odor was not accompanied by any other circumstantial evidence of intoxication (slurred speech, glassy eyes, confusion, staggering etc.), and considering that Licensee successfully performed the field sobriety tests, we will not disturb the decision of the common pleas court that Officer DeMarco did not have a reasonable basis to conclude that Licensee operated his vehicle under the influence of alcohol.

Accordingly, the common pleas court's order is affirmed.

### ORDER

**NOW,** August 27, 1997, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.