IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monroe Dickinson,        :
       :
       Appellant     :
       :
       v.        : No. 1515 C.D. 2023
       : Submitted: February 4, 2025
Commonwealth of Pennsylvania,     :
Department of Transportation,     :
Bureau of Driver Licensing     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK             FILED: February 27, 2025

Monroe Dickinson (Licensee), *pro se*, appeals the order of the Montgomery County Court of Common Pleas (trial court) dismissing his appeal from an 18-month suspension of his operating privileges, imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1547(b)(1)(ii)(B)(I) of the Vehicle Code,[1] based on his refusal to submit to

---

[1] 75 Pa. C.S. §1547(b)(1)(ii)(B)(I). This statute, commonly known as the Implied Consent Law, states:

> (1) If any person placed under arrest for a violation of [Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802,] is requested to submit to testing and refuses to do so, the testing shall not be conducted but

**(Footnote continued on next page…)**

a chemical test of his blood alcohol content in connection with his arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence (DUI) of alcohol or a controlled substance). After careful review, we affirm.

The trial court summarized the relevant facts of this case[2] as follows:

> upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:
>
> * * *
>
> (ii) For a period of 18 months if any of the following apply:
>
> * * *
>
> (B) The person has, prior to the refusal under this paragraph, been sentenced for:
>
> (I) an offense under [S]ection 3802[.]

Licensee's certified driving record shows that on September 15, 2006, and October 19, 2017, he was convicted for driving under the influence (DUI) under Section 3802 of the Vehicle Code. *See* February 12, 2024 Docket Entry (Dkt. 2/12/24), Trial Court Exhibits (Trial Ct. Ex.), at 18, 19. The docket entries for Case No. CP-15-CR-0001616-2017 in the Chester County Court of Common Pleas also demonstrate that Licensee pleaded guilty to one count of DUI in violation of Section 3208 and was sentenced to serve a minimum sentence of three days to a maximum of six months and to pay a $300.00 fine plus court costs. *See also* Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (taking judicial notice of docket entries that were not part of the original record); *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the entries on a claimant's criminal docket and the records contained therein).

[2] Initially, we note that it is not the province of this Court to make new or different findings of fact. *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008). Whether a licensee refused to submit to a blood test is a question of law, and it is well settled that determinations as to the credibility of witnesses and the weight of their **(Footnote continued on next page…)**

2

State Trooper Lateef Ferguson testified he was on duty on October 30, 2022 when he responded to a report of a domestic fight on Interstate I-76 around mile marker 330. He encountered [Licensee] and two other individuals upon his arrival. He determined there was a motor vehicle accident involving a domestic altercation. He determined that [Licensee] was driving in the left lane eastbound on I-76 and that the other vehicle sideswiped his vehicle. (N.T.[3 at] 9.) He observed that [Licensee] was mumbling, his eyes were red, and he had a strong smell of alcohol from his breath. ([*Id.* at] 7.) Trooper Ferguson determined that the two females present, Ms. Woodward and Ms. Perkins, were involved in a fight on the side of the highway and that [Licensee] was driving Ms. Perkins' white Mercedes Benz and she was a passenger. Ms. Woodward pepper sprayed [Licensee] during her altercation with Ms. Perkins. [Licensee] denied he was driving a vehicle. [Emergency Medical Services] arrived and took [Licensee] to the hospital. [Licensee] again denied he was a driver of one of the vehicles after he was transported to the police station from the hospital.

State Trooper [Jay] Nichols testified that he was one of the first officers on the scene on October 30, 2022, shortly before 7:00 a.m. His first priority was to separate the parties. He spoke directly to [Licensee] and observed an odor of alcohol on his breath. [Licensee's] eyes were bloodshot, which [Trooper] Nichols attributed to the pepper spray. Trooper Nichols testified he could "definitely smell alcoholic beverage on [Licensee's] breath." (N.T. [at] 26.) [Licensee] was transported to Bryn Mawr Hospital by ambulance followed by [Trooper] Nichols. [Trooper] Nichols read [Licensee] his [DOT Form] DL-26B rights in the emergency room "a couple of

testimony is solely within the province of the trial court. *Grogg v. Department of Transportation, Bureau of Driver Licensing*, 79 A.3d 715, 718 (Pa. Cmwlth. 2013); *McGee v. Department of Transportation, Bureau of Driver Licensing*, 803 A.2d 255, 258 (Pa. Cmwlth. 2002). Additionally, the evidence must be viewed in a light most favorable to the party that prevailed before the trial court. *Reinhart*, 954 A.2d at 765.

[3] "N.T." refers to the transcript of the trial court's November 21, 2023 appeal hearing.

times." ([*Id.* at] 27.) [Licensee] refused to submit to a blood test or medical treatment at the hospital. [Trooper] Nichols testified that he read [DOT Form] DL-26B [] "verbatim" to [Licensee] and on multiple occasions. ([*Id.* at] 29, 35.)

[Licensee] testified that he <u>was</u> driving a vehicle at the time of the subject accident. (N.T. [at] 40.) He testified his ex-girlfriend, Ms. Woodward, sideswiped the vehicle he was operating. After the sideswipe, [Licensee] was pepper sprayed by Ms. Woodward who was fighting with Ms. Perkins. [Licensee] denied drinking alcohol before the accident. [Licensee] denied medical treatment and did not recall seeing [DOT Form DL-26B] or whether Trooper Nichols read the form to him verbatim. ([*Id.* at ] 47.)

The Pennsylvania State Police General Offense Report (D-1) was moved into evidence (N.T. 20), which confirmed [Licensee] was arrested for DUI on October 30, 2022.

[The trial court] took the matter under advisement [following the November 21, 2023 appeal hearing,] and then issued an order later that same day which denied [Licensee's] appeal, and which reinstated the [DOT] suspension. [Licensee] filed a Notice of Appeal on December 18, 2023.[4] The court entered an Order on January 3, 2024, directing [Licensee] to file a Concise Statement of [Errors] Complained of on Appeal pursuant to Rule 1925(b) of the P[ennsylvania] Rules of Appellate Procedure. [Licensee] timely filed his Concise Statement . . . .

Dkt. 2/12/24, Trial Ct. Op., at 2-3 (emphasis in original).

---

[4] Our review is limited to determining whether the trial court's decision is supported by substantial evidence, whether there has been an error of law, or whether the court has manifestly abused its discretion. *Koutsouroubas v. Department of Transportation, Bureau of Driver Licensing*, 61 A.3d 349, 352 n.1 (Pa. Cmwlth. 2013).

4

On appeal, Licensee claims that the trial court erred in denying his appeal and reinstating the DOT suspension because: (1) he was not ultimately convicted of DUI under Section 3802 for the charges related to this incident; (2) he never read the contents of DOT Form DL-26B; and (3) there is no evidence that he refused a request for chemical testing. *See* Brief of Petitioner at 4. Specifically, Licensee "is requesting [that the trial court's] order be reversed and [his] license be reinstated" because he "did not refuse chemical testing;" he was never charged with DUI;" he "was never given a sobriety test;" and he "also never read the [DOT Form] DL- 26[B]." *Id.* at 8.

In reviewing Licensee's claims, we initially note that in order to sustain the suspension, DOT bears the initial burden of establishing that Licensee: (1) was *arrested* for DUI by an officer who had *reasonable grounds* to believe that he was operating or in actual physical control of the movement of a vehicle while under the influence of alcohol or a controlled substance; (2) was asked to submit to chemical testing; (3) refused to do so; and (4) was warned that his refusal might result in a license suspension. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999).

At the trial court's *de novo* hearing, Trooper Ferguson testified, in relevant part: (1) on October 30, 2022, he responded to a call of a domestic dispute with a two-vehicle non-reportable accident on Interstate I-76 eastbound, around Mile Marker 330; (2) he came in contact with Licensee and he asked Licensee what happened; (3) Licensee exhibited bloodshot eyes, had a strong smell of alcohol, and spoke "really in a mumbled sense;" and (4) he "determined that [Licensee] was driving in the left lane," and he "determined that the other vehicle, which was a Kia, a black Kia, sideswiped his vehicle." N.T. at 6, 7, 9. Moreover, Trooper Ferguson's

arrest report was entered into evidence and confirmed that Licensee was arrested by him for DUI on October 30, 2022. *See id.* at 14-15.

In addition, Trooper Nichols testified, in pertinent part: (1) he was dispatched to the accident scene; (2) when speaking to Licensee, he "could definitely smell the alcoholic beverage on [Licensee's] breath;"[5] (3) he followed the ambulance that transported Licensee to Bryn Mawr Hospital; (4) he read Licensee the DOT Form DL-26B "verbatim" and "multiple times" while at the hospital; and (5) Licensee refused to submit to a chemical test or any treatment for his injuries. N.T. at 26, 27, 29, 35.

The foregoing evidence clearly supports the trial court's determination that Licensee: (1) was arrested for DUI by an officer who had reasonable grounds to believe that he was operating a motor vehicle while under the influence; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned of the suspension based on his refusal.

Indeed, as this Court has explained:

> These facts are more than sufficient to establish reasonable grounds to believe that [the licensee] was operating the subject vehicle under the influence of alcohol. *See Department of Transportation, Bureau of Traffic Safey v. Doyle*, 520 A.2d 917, 919 (Pa. Cmwlth. 1987) (holding that reasonable grounds existed where a police officer testified that a motorist was involved in an accident and had a strong odor of alcohol on his breath); *Department of Transportation, Bureau of Driver Licensing v. Johnson*, 518 A.2d 8, 10 (Pa. Cmwlth. 1986) (finding reasonable grounds where a motorist was involved in an accident, had a strong odor of alcohol on his breath, had glassy eyes, and was swaying); *Department*

_____

[5] The trooper attributed Licensee's bloodshot eyes to the fact that "he was pepper sprayed by an involved party." N.T. at 26.

*of Transportation, Bureau of Driver Licensing v. O'Neill*, 514 A.2d 1008, 1009-10 (Pa. Cmwlth. 1986) (determining that a motorist's involvement in an accident and the odor of alcohol on his breath "would allow a reasonable person in the position of the police officer" to conclude that reasonable grounds existed). Moreover, there is no requirement that a motorist be administered a field-sobriety test. *O'Neill*, 514 A.2d at 1009.

*Williams v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 2048 C.D. 2014, filed October 23, 2015), slip op. at 13.[6]

Moreover, we have previously rejected all of Licensee's appellate claims herein, stating:

> First, we observe that we have long ago established that the test for determining if reasonable grounds exist is "not very demanding." *Gasper v. Department of Transportation, Bureau of Driver Licensing*, 674 A.2d 1200, 1202 (Pa. Cmwlth. [1996]). Second, [DOT's] burden to show that the officer had reasonable grounds is a different issue than whether the licensee can later show at the *de novo* hearing that there were other reasons for his or her glassy eyes, slurred speech, or unsteady gate. It is not [DOT's] burden to show evidence as to the cause of these or other indicia of being under the influence of alcohol. It is the licensee's burden to introduce evidence that alcohol played no part in these matters once [DOT] had proved, as it did here, that he was arrested for [DUI], that he was requested to submit to a chemical test, that he refused to submit, and that he was given the appropriate warnings regarding the consequences of his refusal. *Dailey v. Department of Transportation, Bureau of Driver Licensing*, 722 A.2d 772 (Pa. Cmwlth. 1999). Here, [the licensee] failed to meet that burden.

---

[6] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

Third, we have long ago rejected the argument that [DOT] is required to show that the operator was impaired to a degree that he or she was incapable of safe driving. *Simpson v. Commonwealth*, [525 A.2d 444 (Pa. Cmwlth.] 1987). Fourth, the Supreme Court long ago established that a licensee's guilt or innocence on the related criminal charges has no bearing on license suspension proceedings. *Department of Transportation v. Wysocki*, [535 A.2d 77 (Pa.] 1987). Fifth, we have held that it is unnecessary for a licensee to fail field sobriety tests in order for reasonable grounds to exist for suspecting that the licensee was operating under the influence of alcohol. *DiPaolo v. Department of Transportation, Bureau of Driver Licensing*, 700 A.2d 569 (Pa. Cmwlth. 1997).

*Zwibel v. Department of Transportation, Bureau of Driver Licensing*, 832 A.2d 599, 605 (Pa. Cmwlth. 2003) (footnote omitted).

As a result, Licensee's claims herein do not provide a basis upon which we will disturb the trial court's determination in this regard. Stated plainly, we will not accede to Licensee's request to reweigh the evidence or to view it in a light most favorable to him, and there is no legal error in the manner in which his license was suspended in this case.

Accordingly, the trial court's order is affirmed.

MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Monroe Dickinson,            :
                                      :
               Appellant   :
                                        :
               v.              :  No. 1515 C.D. 2023
                                      :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

# **O R D E R**

AND NOW, this 27th day of February, 2025, the Order of the Montgomery County Court of Common Pleas dated November 21, 2023, is **AFFIRMED**.

_____

MICHAEL H. WOJCIK, Judge