**Michael Anthony SISINNI, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 2011.

Decided Dec. 2, 2011.

Michael Steven Sherman, Pittsburgh, for appellant.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

1. Section 1547 of the Code, commonly referred to as Pennsylvania's Implied Consent Law, provides, in pertinent part:
   (a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a vehicle in the Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of the vehicle:

OPINION BY Judge BROBSON.

Appellant Michael Anthony Sisinni (Sisinni) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated February 17, 2011. The trial court denied Sisinni's appeal and sustained the Department of Transportation's (DOT) one-year suspension of his operating privilege pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C.S. § 1547,[1] for his refusal to submit to chemical testing. The only issue on appeal is whether the officer had "reasonable grounds" to demand that Sisinni submit to a chemical test. For the reasons that follow, we affirm.

■ In order to sustain a suspension of a licensee's operating privilege under Section 1547 of the Code for a refusal to submit to chemical testing, DOT must establish that the licensee:

(1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension.

   (1) in violation of [S]ection ... 3802 (relating to driving under influence of alcohol or controlled substance.
   ....
   (b) Suspension for refusal.—
   (1) If any person placed under arrest for a violation of [S]ection 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows: (i) Except as set forth in subparagraph (ii), for a period of 12 months.

*Kollar v. Dep't of Transp., Bureau of Driver Licensing,* 7 A.3d 336, 339 (Pa. Cmwlth.2010).

▮▮▮ Whether reasonable grounds exist is a question of law reviewable by this Court on a case-by-case basis. *Dep't of Transp., Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091, 1094 (1992) (citing *Wilson v. Cmwlth.,* 53 Pa.Cmwlth. 342, 417 A.2d 867 (1980)). The standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution. *Banner v. Dep't of Transp., Bureau of Licensing,* 558 Pa. 439, 446, 737 A.2d 1203, 1207 (1999) (citing *Vinansky v. Dep't of Transp., Bureau of Driver Licensing,* 665 A.2d 860 (Pa.Cmwlth.1995)). Reasonable grounds exist to support a license suspension when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the licensee was operating the vehicle while under the influence of intoxicating liquor. *Stahr v. Dep't of Transp., Bureau of Driver Licensing,* 969 A.2d 37, 40 (Pa.Cmwlth.2009). Further, it is not necessary for a motorist to fail a field sobriety test in order for a police officer to have reasonable grounds to request a motorist to submit to a chemical test. *DiPaolo v. Dep't of Transp., Bureau of Driver Licensing,* 700 A.2d 569, 572 (Pa.Cmwlth.1997) (citing *McDonald v. Dep't of Transp., Bureau of Driver Licensing,* 130 Pa.Cmwlth. 276, 567 A.2d 1127 (1989)).

Here, DOT notified Sisinni by letter dated September 29, 2010, that his operating privilege was being suspended for a period of one year pursuant to Section 1547 of the Code. (Certified Record (C.R.), Item No. 1, Exhibit A.) Sisinni filed a timely appeal with the trial court, and the trial court heard the matter *de novo* on January 6, 2011. (C.R., Item No. 6.) Officer Raymond Kain (Officer Kain), a long time officer of the City of Pittsburgh Police Department, testified on behalf of DOT. Licensee did not testify at the hearing.

Officer Kain testified that on August 15, 2010, he observed Sisinni's vehicle driving through a red light on East Carson Street, in Pittsburgh, Pennsylvania, and he effected a traffic stop. (*Id.* at 4–5.) Officer Kain detected a "slight odor of alcoholic beverage" on Sisinni, the driver and only passenger of the vehicle, and testified that his eyes were "red and glassy." (*Id.*) Thereafter, Officer Kain asked Sisinni to step out of the car and perform a series of field sobriety tests. (*Id.* at 5.) Officer Kain administered the horizontal gaze nystagmus (HGN) test and observed that Sisinni had a "lack of smooth pursuit, distinct and sustained nystagmus at maximum deviation." (*Id.*) Sisinni did not have any nystagmus prior to 45 degrees and had no vertical nystagmus. (*Id.*) Officer Kain testified that he also asked Sisinni to perform a walk-and-turn test and stand on one leg. (*Id.* at 5–6.) Sisinni passed both tests with no errors. (*Id.*)

Officer Kain testified that when he asked Sisinni if he had been drinking, Sisinni responded that he had two drinks. (*Id.* at 5.) Subsequent to the field sobriety tests, Officer Kain asked Sisinni to take a preliminary breath test.[2] Sisinni refused. (*Id.* at 6.) Officer Kain informed Sisinni that he was requesting the preliminary breath test because he (Officer Kain) viewed Sisinni as a "borderline case," and he wanted to assess whether Sisinni was over the legal limit. (*Id.*) When Sisinni refused the preliminary breath test, Offi-

---

**2.** Section 1547(k) of the Code authorizes a police officer to require a person, prior to arrest, to submit to a preliminary breath test when there is reasonable suspicion to believe that the operator was driving while under the influence of alcohol.

cer Kain arrested Sisinni and took him to the police station for a post-arrest chemical test pursuant to Section 1547(a) of the Code, which Sisinni also refused. (*Id.*) Finally, Officer Kain testified that Sisinni had no balance issues, was not uncooperative, and was not disheveled. (*Id.* at 12–13.)

The trial court denied Sisinni's appeal, holding that DOT satisfied its initial burden through Officer Kain's testimony that there were reasonable grounds to request a chemical test. In so holding, the trial court reasoned that there was enough evidence to establish reasonable grounds based on: (1) the odor of alcohol, (2) Sisinni's glassy eyes, (3) Officer Kain's extensive experience in the police force, and (4) Sisinni's admission that he had been drinking. Therefore, the trial court determined that it was reasonable to require Sisinni to submit to a chemical test and his refusal to do so justified the suspension of his operating privilege.

■ On appeal,[3] Sisinni contends that the trial court erred in concluding that Officer Kain had reasonable grounds to believe that Sisinni was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol. Specifically, Sisinni argues that Officer Kain did not have reasonable grounds to require a chemical test because Sisinni passed the field sobriety tests, had no balance issues, and only emitted a slight odor of alcohol. Further, Sisinni posits that because Officer Kain was unsure whether he was intoxicated and viewed him as a "borderline case," Officer Kain's suspicions did not rise to the level of reasonable grounds.

■ While there is no set list of behaviors or conditions that a person must ex-

hibit for an officer to have reasonable grounds for making an arrest, case law has provided examples of what has been accepted as reasonable grounds, such as: staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol. *Stancavage v. Dep't of Transp., Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa.Cmwlth. 2009), *appeal denied*, 606 Pa. 668, 995 A.2d 355 (2010). Moreover, "the showing of glassy eyes alone is insufficient to support the conclusion that an officer had reasonable grounds to believe an individual was intoxicated at a given point in time." *Id.* In cases where glassy eyes were found to be an indicator of intoxication, at least one other obvious physical condition has been present to provide reasonable grounds. *Id.*

■ Here, the trial court, viewing the totality of the evidence, determined that Officer Kain had reasonable grounds to require a chemical test. We agree. The standard for reasonable grounds merely requires that, when looking at the evidence as a whole, an officer could have concluded that the licensee was operating the vehicle while under the influence of intoxicating liquor. *Stahr*, 969 A.2d at 40. While it is apparent from Officer Kain's testimony that Sisinni was not clearly intoxicated, there was enough evidence to conclude that Sisinni could have been operating his vehicle while under the influence of alcohol. When Officer Kain stopped Sisinni, Officer Kain noticed a slight odor of alcohol and that Sisinni's eyes were glassy. In addition, Sisinni admitted to Officer Kain that he had consumed two alcoholic beverages. While Sisinni relies on the precedent that "the showing of glassy eyes

---

**3.** "This Court's standard of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed or whether the trial court's determinations demonstrate a manifest abuse of discretion." *Kollar*, 7 A.3d at 339 n. 1.

alone is insufficient to support the conclusion that an officer had reasonable grounds to believe an individual was intoxicated," *Stancavage*, 986 A.2d at 899, Sisinni disregards the other evidence mentioned above. These circumstances, taken as a whole, constitute reasonable grounds to require a chemical test.

■ Furthermore, Sisinni relies on Officer Kain's testimony that he viewed Sisinni as a "borderline" case to dispute the conclusion that there were reasonable grounds to believe Sisinni could be intoxicated. It is well settled that the standard for reasonable grounds is not very demanding and the police officer need not be correct in his belief that the motorist had been driving while intoxicated. *DiPaolo*, 700 A.2d at 572 (quoting *Dep't of Transp., Bureau of Traffic Safety v. Dreisbach*, 26 Pa.Cmwlth. 201, 363 A.2d 870 (1976)). Officer Kain's indefiniteness does not negate reasonable grounds, but rather supports his belief that, based on his observations, Sisinni *could* have been operating his vehicle under the influence. Nothing in the statute requires an officer to be absolutely certain of intoxication prior to requesting a chemical test.

■ Sisinni's reliance on his performance on the field sobriety tests is also misplaced, because it is not required that a motorist fail a field sobriety test in order for a police officer to have reasonable grounds.[4] *DiPaolo*, 700 A.2d at 572. While Officer Kain described Sisinni's level of intoxication as "borderline," the Department is not required to show that the operator was impaired to a degree that he or she was incapable of safe driving. *Zwi-*

*bel v. Dep't of Transp., Bureau of Driver Licensing*, 832 A.2d 599, 605 (Pa.Cmwlth. 2003) (citing *Simpson v. Commonwealth*, 105 Pa.Cmwlth. 635, 525 A.2d 444 (1987)). Accordingly, even if Sisinni was not obviously intoxicated, there were still reasonable grounds to request a chemical test.

■ Sisinni also argues that pursuant to Section 1547(k) of the Code, the refusal to submit to a preliminary breath test cannot be used against him. Section 1547(k), however, provides no such protection. Section 1547(k) of the Code provides:

> A police officer, having reasonable suspicion to believe a person is driving or in actual physical control of the movement of a motor vehicle while under the influence of alcohol, may require that person prior to arrest to submit to a preliminary breath test on a device approved by the Department of Health for this purpose. The sole purpose of this preliminary breath test is to assist the officer in determining whether or not the person should be placed under arrest. The preliminary breath test shall be in addition to any other requirements of this title. No person has any right to expect or demand a preliminary breath test. Refusal to submit to the test shall not be considered for purposes of subsections (b) and (e).

Licensee appears to misconstrue the portion of Section 1547(k) that provides that refusals "shall not be considered for purposes of subsection (b) and (e)." Section 1547(k) of the Code makes clear that a refusal to submit to a preliminary breath test does not constitute a refusal to submit

---

4. Also, it appears that results of the HGN field sobriety test administered by Officer Kain demonstrated that Sisinni's blood alcohol level may have been elevated. Sisinni takes issue in his brief with the reliability and value of the HGN test, but offered no evidence or argument before the trial court that Officer Kain's reliance on the HGN was unreasonable. In any event, Officer Kain's experience in the police force, coupled with Sisinni's glassy eyes, admission of drinking, and the odor of alcohol established reasonable grounds.

to a chemical testing pursuant to Section 1547(b), which relates to post-arrest chemical testing, which Sisinni also refused. It also provides that a refusal to submit to a preliminary breath test, unlike a refusal to submit to a post-arrest chemical test, may not be considered as evidence in a *summary* proceeding or *criminal* proceeding in which the defendant is charged with a violation of Section 3802 of the Code, pertaining to driving under the influence of alcohol or controlled substances, or any other violation of the Code. *See* Section 1547(e). Significantly, a license suspension is not a summary or criminal proceeding but rather a civil proceeding. *Thorek v. Dep't of Transp., Bureau of Driver Licensing*, 938 A.2d 505, 509 (Pa.Cmwlth.2007).[5]

Because the evidence presented established that Officer Kain had reasonable grounds to conclude that Sisinni may be driving under the influence, we conclude that the trial court did not err in denying Sisinni's appeal and sustaining DOT's suspension. Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 2nd day of December, 2011, the order of the Court of Common Pleas of Allegheny County, dated February 17, 2011, is hereby AFFIRMED.

---

**5.** Moreover, we note that the preliminary breath test is the only field sobriety test that has been expressly adopted by the General Assembly in order to assist police officers in determining whether to arrest a driver for driving under the influence. *See* Section 1547(k) of the Code.