IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Anthony Howe           :
                                           :
          v.                   : No. 1227 C.D. 2022
                                           : Submitted: August 9, 2024
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,        :
                                           :
                  Appellant   :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: September 10, 2024

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the October 18, 2022 order of the Court of Common Pleas of Clarion County (trial court) sustaining Robert Anthony Howe's (Licensee) statutory appeal and vacating the one-year suspension of his operating privilege, which DOT imposed pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. §1547(b), commonly known as the Implied Consent Law, as a result of Licensee's refusal to submit to chemical testing upon his arrest for driving under the influence of alcohol (DUI). Upon review, we reverse the trial court's order and reinstate the one-year suspension of Licensee's operating privilege.

On July 23, 2021, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege for violating Section 1547(b) of the Vehicle Code,

75 Pa. C.S. §1547(b),[1] for refusing a chemical test on July 10, 2021. Reproduced Record (R.R.) at 8a. Licensee timely appealed. The trial court held a *de novo* hearing. *Id.* at 25a. At the hearing, Todd Showen (Ranger), a Law Enforcement Park Ranger with the Department of Conservation and Natural Resources assigned to Cook Forest State Park (Park) in Clarion County, and Licensee both testified.

Ranger testified that, on July 10, 2021, while on routine parole, he effected a traffic stop of Licensee's vehicle for exceeding the posted speed limit. R.R. at 28a. Licensee was the driver, and his wife was in the passenger seat. *Id.* at 29a. Ranger asked Licensee for his driver's license, vehicle registration, and proof of insurance, which Licensee provided. *Id.* Ranger testified that everything appeared "normal," and he returned to his patrol vehicle to write a citation for speeding. *Id.* When he returned to Licensee's vehicle to issue the citation, Ranger noticed a "moderate," not a "heavy," smell of alcohol coming from Licensee. *Id.*

Ranger asked Licensee to remove his sunglasses; Licensee complied. R.R. at 30a. Upon observing that Licensee's eyes were "slightly bloodshot, [a] little red," Ranger asked Licensee if he had consumed any alcohol. *Id.* 30a, 38a. Licensee admitted that he had one beer before he and his wife recreationally floated down the

---

[1] This section provides:

> **(b) Civil penalties for refusal.**--
> (1) If any person placed under arrest for a violation of [S]ection 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person as follows:
>> (i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. §1547(b)(1)(i).

Clarion River, and one beer afterwards. *Id.* at 30a. Ranger asked Licensee to submit to standardized field sobriety tests, to which Licensee obliged. *Id.*

The tests included the Horizontal Gaze Nystagmus (HGN), the results of which were admitted over Licensee's objection,[2] the One-Legged Stand test, and Walk and Turn test. R.R. at 32a. Licensee exhibited only one impairment clue at the beginning of the One-Legged Stand by placing his leg down and then lifting it back up within the first two seconds, but Licensee otherwise completed the test "satisfactorily" for a full 30 seconds. *Id.* at 32a-33a. Licensee successfully completed the Walk and Turn test, with zero indication of impairment. *Id.* at 34a. Ranger testified that Licensee submitted to a portable breath test, which showed a "positive indication of alcohol." *Id.*

Ranger testified that he placed Licensee under arrest for suspicion of DUI. R.R. at 34a. Ranger then transported Licensee to the Park office, where he read the implied consent warnings contained on the DL-26B form to Licensee and requested that he submit to chemical testing, which Licensee refused. *Id.* at 34a-35a.

Licensee testified that he refused to take the chemical test because he was not under the influence. R.R. at 49a. As for the lone indicator on the One-Legged Stand test, Licensee explained that he started the test too early, so he stopped, and began again. *Id.* at 50a.

---

[2] Citing *Commonwealth v. Moore*, 635 A.2d 625 (Pa. Super. 1993), Licensee objected on the basis that the HGN test has not been validated by studies to be admissible for showing impairment. *See* R.R. at 31a-32a. Under *Moore*, to be admissible, DOT was required to lay an adequate foundation to show that the test has gained general acceptance in the scientific community. 635 A.2d at 629. Such a foundation was not laid here. Therefore, we will not consider the results of the HGN test in our analysis.

DOT admitted the DL-26B form into evidence without objection. R.R. at 36a, 60a. The DL-26B form indicates that Licensee acknowledged that the form was read to him and that he refused chemical testing. *Id.* at 60a.

At the conclusion of the hearing, the trial court noted the case was a close one but ultimately found that Licensee's refusal to submit to chemical testing was reasonable under the circumstances because Licensee had essentially passed the field sobriety tests. R.R. at 52a-53a. By final order docketed October 18, 2022 (dated October 14, 2022), the trial court sustained Licensee's statutory appeal and vacated the one-year suspension of his operating privilege. *Id.* at 65a. DOT timely appealed. At the trial court's direction, DOT filed a statement of errors complained of on appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b). *Id*. at 78a-81a.

In the Statement, DOT asserted that the trial court erred in sustaining Licensee's appeal. DOT averred that the appropriate standard is whether an officer has reasonable grounds to request a chemical test, not whether the licensee was reasonable in his refusal. The law clearly provides that an officer who has reasonable grounds to order a chemical test may do so even though the licensee has passed a field sobriety test prior to the chemical test. DOT asserted that such reasonable grounds were established here. In response, the trial court candidly acknowledged its error and expressed its desire to vacate its order and reinstate the suspension. *See* R.R. at 86a.

In this appeal,[3] DOT argues that the evidence presented clearly shows that Ranger had reasonable grounds to suspect that Licensee was DUI to support the

---

[3] Our review in a license suspension case is limited to determining whether the factual findings of the trial court are supported by substantial evidence and whether the trial court **(Footnote continued on next page…)**

4

request for chemical testing. DOT submits that Licensee refused to submit to chemical testing, thereby warranting the one-year suspension of his operating privilege.

In order to support the one-year suspension of a licensee's operating privilege under Section 1547(b)(1)(i) of the Vehicle Code, DOT must prove four elements. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999); *Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030, 1035 (Pa. Cmwlth. 2018) (*en banc*). First, DOT must prove that the licensee was arrested for a violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802, by an officer who had reasonable grounds to believe that the licensee was driving, operating, or in actual physical control of the movement of a vehicle while under the influence of alcohol or a controlled substance. *Banner*, 737 A.2d at 1206. Second, the licensee was asked to submit to a chemical test of blood. *Id.* Third, the licensee refused to submit to a chemical test. *Id.* Fourth, the licensee was specifically warned that a refusal would result in the suspension of his operating privilege. *Id.* As the last three factors are not in dispute, our focus here is on whether DOT established reasonable grounds.

"The standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution." *Banner*, 737 A.2d at 1207. "The test to determine whether a police officer has reasonable grounds to conclude that a motorist operated a vehicle under the influence is not very demanding." *DiPaolo v. Department of Transportation, Bureau of Driver Licensing*, 700 A.2d 569, 571-72 (Pa. Cmwlth. 1997). "Whether reasonable

---

committed an error of law or abused its discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989); *Gammer v. Department of Transportation, Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

5

grounds exist is a question of law reviewable by the court on a case[-]by[-]case basis." *Banner*, 737 A.2d at 1207.

"Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor." *Banner*, 737 A.2d at 1207. "While there is no set list of behaviors that a person must exhibit for an officer to have reasonable grounds for making an arrest, case law has provided numerous examples of what this Court has accepted as reasonable grounds in the past, *e.g.*, staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol." *Stancavage v. Department of Transportation, Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa. Cmwlth. 2009). "Though perhaps none of these factors individually would be sufficient to show reasonable grounds, their cumulative impact allows a reasonable officer to conclude that [a] [l]icensee operated his vehicle under the influence of alcohol." *Koutsouroubas v. Department of Transportation, Bureau of Driver Licensing*, 61 A.3d 349, 353 (Pa. Cmwlth. 2013); *see, e.g.*, *Stancavage*, 986 A.2d at 899 (holding "the showing of glassy eyes alone is insufficient to support the conclusion that an officer had reasonable grounds to believe an individual was intoxicated at a given point in time"); *DiPaolo*, 700 A.2d at 572 (holding odor of alcohol alone was not enough to establish reasonable grounds where no other indicators of intoxication were present, such as slurred speech, glassy eyes, confusion, staggering, etc., and the licensee had successfully completed the field sobriety tests).

A licensee's performance on a field sobriety test is "one more factor to be taken into account when determining the existence of reasonable grounds."

*Kuzneski v. Commonwealth*, 511 A.2d 951, 953 (Pa. Cmwlth. 1986); *see Koutsouroubas*, 61 A.3d at 353; *DiPaolo*, 700 A.2d at 572. The "purpose of the field sobriety test is to assist the officer in determining whether a driver should be placed under arrest, not whether the driver is actually intoxicated." *Department of Transportation, Bureau of Driver Licensing v. Harbaugh*, 595 A.2d 715, 718 (Pa. Cmwlth. 1991). However, a licensee's successful completion of field sobriety tests does not prevent an officer from having reasonable grounds to believe that a licensee was DUI. *Koutsouroubas*, 61 A.3d at 353; *Sisinni v. Department of Transportation, Bureau of Driver Licensing*, 31 A.3d 1254, 1257 (Pa. Cmwlth. 2011); *Harbaugh*, 595 A.2d at 718.

In *Sisinni*, a licensee argued that the officer did not have reasonable grounds to require a chemical test because the licensee had successfully passed the field sobriety tests. 31 A.3d at 1258. Despite the licensee's successful performance on the two field sobriety tests, there was other evidence to conclude that the licensee may have been operating his vehicle DUI. *Id.* Specifically, the licensee exhibited glassy eyes, had a slight odor of alcohol, and admitted to drinking two alcoholic drinks. *Id.* Viewing the totality of the evidence, we concluded that the officer had reasonable grounds to require a chemical test. *Id.*

Similarly, here, when Ranger made the traffic stop, Ranger noticed a "moderate" odor of alcohol emanating from Licensee and that his eyes were red and slightly bloodshot. R.R. at 29a-30a, 38a. In addition, Licensee admitted to Ranger that he had consumed two beers. *Id.* at 30a. The breathalyzer test confirmed the presence of alcohol. *Id.* at 34a. Despite Licensee's satisfactory performance on the field sobriety tests, the other indicia when viewed together constituted reasonable grounds for Ranger to conclude that Licensee was DUI and request that he undergo

7

a chemical test. *See Sisinni*. When Licensee refused, DOT properly suspended his operating privilege for one year pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. §1547(b).

Accordingly, the trial court's October 18, 2022 order is reversed, and Licensee's license suspension is reinstated.

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Anthony Howe                     :
                                        :
            v.                          : No. 1227 C.D. 2022
                                        :
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
Bureau of Driver Licensing,             :
                                        :
                  Appellant             :


O R D E R


AND NOW, this 10th day of September, 2024, the order of the Court of Common Pleas of Clarion County, docketed October 18, 2022, is REVERSED, and the 12-month suspension of Robert Anthony Howe's operating privilege, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is REINSTATED.


_____
MICHAEL H. WOJCIK, Judge