# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Strum                      :

v.             :

Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Driver Licensing,       :  No. 1532 C.D. 2023
                Appellant    :  Submitted: December 9, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: January 24, 2025

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the Montgomery County Common Pleas Court's (trial court) November 30, 2023 order sustaining Martin Strum's (Licensee) appeal from DOT's 12-month suspension of his driving privileges pursuant to Section 1547 of the Vehicle Code.[1] DOT presents one issue for this Court's review: whether the trial court erred by holding that the investigating officer did not have reasonable grounds to believe that Licensee was driving under the influence of alcohol (DUI). After review, this Court reverses.

On December 3, 2022, Licensee was driving northbound on North Broad Street in Lansdale, Pennsylvania (Borough). At approximately 11:59 p.m.,

---

[1] 75 Pa.C.S. § 1547. Section 1547(b) of the Vehicle Code is commonly known as the Implied Consent Law.

Borough Police Officer Corey Pfister (Officer Pfister) observed that Licensee's driver's side headlight was not working and initiated a traffic stop. During the traffic stop, Licensee admitted to having had one beer. *See* Reproduced Record (R.R.) at 105a. Because Officer Pfister could smell alcohol on Licensee's breath, he asked Licensee to exit the vehicle so he could perform field sobriety tests. *See* R.R. at 105a. Officer Pfister conducted the field sobriety tests, and then requested that Licensee complete a preliminary breath test (PBT).[2] *See* R.R. at 38a. Licensee declined to complete the PBT. *See* R.R. at 39a. Officer Pfister placed Licensee under arrest for DUI, and transported him to the Borough's Police Department. Officer Pfister read Licensee the DL-26 Form,[3] and requested Licensee to have his blood drawn. Licensee refused the blood draw.

On December 12, 2022, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege (Notice), informing him that DOT had suspended his driving privileges for a one-year period effective January 16, 2023, because he had refused a chemical test on December 4, 2022. On January 6, 2023, Licensee timely filed an appeal from the Notice to the trial court. On November 14, 2023, the trial court conducted a hearing on Licensee's appeal. DOT presented Officer Pfister, who testified regarding the subject traffic stop. DOT also presented Officer Pfister's body camera footage of the traffic stop (Video), which was accepted into evidence. Licensee testified on his own behalf. On November 30, 2023, the trial court

---

[2] "The sole purpose of a pre-arrest breath test, authorized by [Section 1547(k) of the Vehicle Code,] 75 Pa. C.S. §1547(k)[,] for an individual suspected of DUI, is to assist the investigating officer in determining whether the driver should be placed under arrest." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 286 (Pa. Cmwlth. 2018). Police officers may use PBTs in borderline cases. *See, e.g.*, *Sisinni v. Dep't of Transp., Bureau of Driver Licensing*, 31 A.3d 1254 (Pa. Cmwlth. 2011).

[3] DOT promulgated the DL-26 Form, which sets forth the prescribed language of the warning to be given to motorists arrested for DUI about the penalties for refusing chemical tests. Police use the DL-26 Form to comply with the requirements of Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), during DUI arrests.

sustained Licensee's appeal and rescinded the license suspension. DOT requested reconsideration, which the trial court denied. On December 21, 2023, DOT appealed to this Court.[4]

> Initially, Section 1547(a) of the Vehicle Code provides:
>
> Any person who drives, operates[,] or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating[,] or in actual physical control of the movement of a vehicle in violation of [S]ection[s] 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under [the] influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) [of the Vehicle Code]. [*See* 75 Pa.C.S. §§ 1547, 3802, 3808(a)(2).]

75 Pa.C.S. § 1547(a).

> Section 1547(b)(1) of the Vehicle Code states:
>
> If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person . . . .

75 Pa.C.S. § 1547(b)(1).

> This Court has explained:
>
> To support the suspension of a licensee's operating privilege under [Section 1547 of the Vehicle Code], DOT

---

[4] This Court's "review is limited to determining whether [the trial court] committed an error of law, whether [the trial court] abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

3

> **must prove** that the licensee: (1) was arrested for DUI by an **officer** who **had reasonable grounds to believe that the licensee was operating a vehicle while under the influence of alcohol in violation of Section 3802 of the Vehicle Code**; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his refusal might result in a license suspension . . . . Once DOT satisfies its burden of proof, the burden shifts to the licensee to prove that either: (1) his refusal was not knowing and conscious; or (2) he was physically incapable of completing the chemical test.

*Conrad v. Dep't of Transp., Bureau of Driver Licensing*, 226 A.3d 1045, 1051 (Pa. Cmwlth. 2020) (emphasis added; citation omitted).

DOT contends that the trial court erred by ruling that Officer Pfister did not have reasonable grounds to believe Licensee was intoxicated because DOT "satisfied its prima facie burden of proof through the credible testimony of Officer Pfister and admission into evidence of [the Video]."[5] DOT Br. at 15 (footnote omitted).

> Whether reasonable grounds exist is a question of law subject to our plenary review. More specifically, [in the instant matter, **this Court's**] **role is to review the trial court's findings of fact and determine whether**, **as a matter of law**, **they support the trial court's determination that** [**Officer Pfister**] **lacked reasonable grounds**. In so doing, we must view the evidence in a light most favorable to Licensee as the party who prevailed before the trial court.

*Charko v. Dep't of Transp., Bureau of Driver Licensing*, 327 A.3d 362, 365 (Pa. Cmwlth. 2024) (emphasis added; citations omitted).

The law is well established:

> [A]n officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol ["]if a reasonable person in the

---

[5] The parties stipulated to Officer Pfister's expertise in administering field sobriety tests. *See* R.R. at 38a.

4

> position of a police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol.["] *McCallum v. Commonwealth*, . . . 592 A.2d 820, 822 ([Pa. Cmwlth.] 1991). The issue of reasonable grounds is decided on a case-by-case basis, and an officer's reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *Id*. The officer's belief must only be objective in light of the surrounding circumstances. Moreover, the existence of reasonable alternative conclusions that may be made from the circumstances does not necessarily render the officer's belief unreasonable. *Id*.

*Olt v. Dep't of Transp., Bureau of Driver Licensing*, 218 A.3d 1, 6 (Pa. Cmwlth. 2019) (quoting *Regula v. Dep't of Transp., Bureau of Driver Licensing*, 146 A.3d 836, 842-43 (Pa. Cmwlth. 2016)).

> In determining whether [DOT] has shown reasonable grounds, **a court must consider the totality of the circumstances available to the officer at the time**, **as reflected in the record**. *Banner* [*v. Dep't of Transp., Bureau of Driver Licensing*,] 737 A.2d [1203,] 1207 [(Pa. 1999)]. . . . In reviewing [DOT's] evidence, we bear in mind that determinations as to the credibility and weight assigned to evidence are solely for the fact[-]finder. *Millili v. Dep't of Transp., Bureau of Driver Licensing*, 745 A.2d 111, 113 (Pa. Cmwlth. 2000) (en banc).

*Wilson v. Dep't of Transp., Bureau of Driver Licensing*, 209 A.3d 1143, 1154 (Pa. Cmwlth. 2019) (emphasis added).

> Here, Officer Pfister testified:

> I was on patrol on North Broad Street in [the Borough]. I observed a white Ford Explorer traveling northbound. The driver's side headlight was not working.

> I was going south. I turned around, initiated a traffic stop on the vehicle in front of 621 North Broad Street . . . . I made contact with the driver, [Licensee], and asked for his documents, engaged in conversation with him. He stated he just [sic] got done work.

5

While speaking to him, **I noticed that he had an odor of an alcoholic-type beverage on his breath**. He stated that he had a drink before he left work.

R.R. at 36a-37a (emphasis added).

Officer Pfister continued:

Once the other officers got on scene, I had [Licensee] step out of the car, perform[ed] the standardized field sobriety tests.

We started out with the horizontal gaze nystagmus. "Nystagmus" is involuntary jerking of the eyes. That's used to detect impairment.

I explained the test to [Licensee], [sic] performed the test. I noticed in his left eye, as I was doing the maximum deviation, his eye kind of reached setback to forward. That was the one thing that I noted during that test.

The next test was the nine-step walk-and-turn. I explained and demonstrated this test to [Licensee], and that he can proceed on the first nine steps. I think he took 10 -- 10 steps. He made heel to contact on one, maybe two steps, but most of the steps he just was simply walking. You know, there was a gap between his feet. **He raised his hands for balance**. **He did an improper turn** -- turnaround to the right. He did nine steps back. **He was always raising his arms for balance**. **He seemed unsteady on his feet during this test as well**.

The next test that I asked him to perform was the one-leg stand. I explained and demonstrated this test to him. He was -- **he started to begin the test before I told him to**. And so then once he started, he, you know, raised his leg. I think he was standing -- I think he was standing on his right leg raising his left. **He was**, you know, **unsteady**, **kind of waving his arms to maintain balance**. He put his foot down to, you know, prevent him from falling over at one point. After that test **I asked him to submit to a** PBT. I got the PBT out of my car, and **he said he did not want to** submit to the PBT test.

6

R.R. at 37a-38a (emphasis added). On cross-examination, Licensee's counsel asked Officer Pfister about a notation in the police report referencing the smell of mouthwash. Officer Pfister clarified: "[S]o I smelled the -- like, he had mouthwash. But when I was talking to him, I kind of smelled, you know, that he had alcohol. **It seemed like he had mouthwash covering up the alcohol is what it seemed like to me**." R.R. at 46a (emphasis added).

The trial court determined that Officer Pfister did not have reasonable grounds to believe that Licensee was operating his vehicle while under the influence of alcohol because the facts in the instant case did not line up with the facts in *Kachurak v. Department of Transportation, Bureau of Driver Licensing*, 913 A.2d 982, 985 (Pa. Cmwlth. 2006). Therein, the lower court found the police officer had reasonable grounds to believe that the licensee was operating a vehicle while under the influence of alcohol based on the licensee's erratic driving, an odor of alcohol, the licensee's slurred speech, the licensee's red, glassy and bloodshot eyes, the licensee's difficulty finding his driving documents and his staggering upon exiting his vehicle. *See* R.R. at 108a.

The trial court considered the testimony and Video evidence in the context of *Kachurak* and opined:

> [Licensee] spoke clearly and coherently during his entire interaction with [Officer] Pfister. While [Officer] Pfister testified that [Licensee's] breath smelled of alcohol, no evidence was presented of glassy, red, bloodshot eyes. [Licensee] testified that he had one (1) beer. The [trial c]ourt found [Licensee] credible.
>
> [Officer] Pfister testified that [Licensee] understood his instructions and questions. [Licensee] acted politely in speaking with [Officer] Pfister. Moreover, [Officer] Pfister testified that [Licensee] did not exhibit any signs of intoxication in the operation of his vehicle.

7

[Licensee] was steady on his feet upon exiting his vehicle to undergo the field sobriety tests. He located his license very quickly and, shortly thereafter, pulled up his insurance information on his cell phone. Consistent with this evidence that [Licensee] did not exhibit any signs of being under the influence of alcohol, this [trial c]ourt's view of the [V]ideo evidence of the field sobriety tests was that he satisfactorily completed them. Thus, based on the totality of the circumstances, a reasonable person in the position of [Officer] Pfister could NOT conclude, viewing the facts and circumstances as they appeared to the officer at the time, that [Licensee] drove his car while under the influence of alcohol.

R.R. at 108a-109a.

However, the issue before the trial court was whether **Officer Pfister** had reasonable grounds to conclude that Licensee was operating his vehicle while intoxicated. "[T]he test for determining whether a police officer possesses reasonable grounds to suspect an individual is driving under the influence is not very demanding." *Cole v. Dep't of Transp., Bureau of Driver Licensing*, 909 A.2d 900, 904 (Pa. Cmwlth. 2006). Importantly, "courts appropriately defer to an investigating officer's experience and observations where reasonable grounds exist to support the officer's belief based on the totality of the circumstances." *Yencha v. Dep't of Transp., Bureau of Driver Licensing*, 187 A.3d 1038, 1045 (Pa. Cmwlth. 2018).

Here, Licensee's admission to Officer Pfister that he had a drink before he left work, the odor of alcohol on Licensee's breath, and his poor performance of the three field sobriety tests[6] certainly gave Officer Pfister reason to suspect that Licensee drove while under the influence of alcohol. Consequently, Officer Pfister

---

[6] This Court's review of the Video confirms Officer Pfister's descriptions of Licensee's imprecise attempts to complete the field sobriety tests. Nevertheless, "it is not necessary for a motorist to fail a field sobriety test in order for a police officer to have reasonable grounds to request a motorist to submit to a chemical test[,]" *Sisinni*, 31 A.3d at 1257; thus, the trial court's conclusion that Licensee successfully completed the field sobriety tests does not mean that Officer Pfister lacked reasonable grounds to conclude that Licensee was DUI.

asked Licensee to submit to a PBT, which Licensee refused. *See* R.R. at 38a. In these circumstances, Licensee's refusal to submit to this statutorily authorized PBT supported Officer Pfister's reasonable grounds to believe that Licensee was driving while under the influence. *See Sisinni v. Dep't of Transp., Bureau of Driver Licensing*, 31 A.3d 1254 (Pa. Cmwlth. 2011) (The licensee's refusal to perform a PBT was properly a factor in the arresting police officer's determination that the licensee had been operating his vehicle while under the influence). This Court concludes that based on Officer Pfister's experience and observations, the aforementioned factors constituted reasonable grounds for him to believe that Licensee was operating his vehicle while under the influence of alcohol. Accordingly, "[the trial court] erred in substituting its judgment as to what inference should be drawn from the circumstances [Officer Pfister] observed; the test is whether [Officer Pfister's] conclusion was reasonable as a matter of law, not whether [the trial court] might have concluded otherwise had he stood in the officer's shoes." *Helt v. Dep't of Transp., Bureau of Driver Licensing*, 856 A.2d 263, 266 (Pa. Cmwlth. 2004).

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Marvin Strum | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | No. 1532 C.D. 2023 |
| Appellant | : | |

## O R D E R

AND NOW, this 24th day of January, 2025, the Montgomery County Common Pleas Court's November 30, 2023 order is reversed.


_____

ANNE E. COVEY, Judge